UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-CV-181 CAS |
| | ) | |
| PAULA HUFFMAN PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

Plaintiff has submitted forty-seven pages of documents naming fifty-four defendants in this 42 U.S.C. § 1983 action. The only allegations that may possibly go to imminent danger are in paragraph 21 of the complaint. In that paragraph, plaintiff alleges that on April 3, 2008, he declared a medical emergency for shortness of breath and dizziness but that defendant Coffman and a nurse refused to allow him to get medical treatment. Plaintiff further alleges, "I am in 'IMMINENT DANGER OF SERIOUS MEDICAL NEEDS' because it is still occurring here at [Potosi Correctional Center] after filing MSR's for dizziness and chest pains medical staff would intentionally call me up to days after chest pains and dizziness subsided . . ."

---

[1]See Taylor v. Purkett, 4:98-CV-170 ERW (E.D. Mo.); Taylor v. Schiro, 2:01-CV-38 CEJ (E.D. Mo.); Taylor v. Wansing, 2:08-CV-4056 NKL (W.D. Mo.).

The allegations in paragraph 21 are not sufficient to overcome the hurdle of § 1915(g). First, the allegations regarding defendant Coffman go only to past harm and not imminent harm. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (past misconduct insufficient to trigger § 1915(g)'s exception). Second, the allegations regarding harm that may be still occurring at Potosi fail to state a claim upon which relief can be granted because no defendant is named as bearing responsibility for the alleged misconduct. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Finally, these allegations fail to show that plaintiff is actually in *imminent* danger of serious physical injury because they are conclusory and do not allege any specific facts demonstrating such danger. As a result, plaintiff may not proceed in forma pauperis in this action.

This action is barred by 28 U.S.C. § 1915(g). As a result, the Court will dismiss this action without prejudice to refiling as a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of February, 2010.